UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br>The residence, known to be used Caleb Roberts,<br>located at 2005 N 6th Avenue, Knoxville,<br>Tennessee 37917 | Case No. 3:22-MJ-1203 |

## AFFIDAVIT

I, April Farmer, being duly sworn, hereby depose and say:

1. I am a Task Force Officer with the United States Postal Inspection Service. I am further employed as a Narcotics Investigator with the Loudon Police Department and have so since 2003. I have also been assigned as a Task Force Officer to the 9th Judicial Drug Task Force in the Eastern District of Tennessee since 2015. Currently, I am responsible for investigating crimes involving the United States Postal Service ("USPS"), specifically those involving the use of the United States Postal Service to facilitate the transport of illegal narcotics.

2. I am an "Investigative or Law Enforcement Officer" within the meaning of Title 18, United States Code, Section 3061, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 3061.

3. Through my training and experience, discussions with other law enforcement agents, and my participation in other investigations involving quantities of controlled substances, I know the following:

4. I am aware that drug traffickers use the U.S. Postal Service's Express and Priority Mail service to ship controlled substances, and/or the proceeds from the sales of controlled substances, because of the service's speed and reliability, as well as the ability to track the status of the delivery remotely. I also know that drug traffickers use the United States Postal Service to

ship controlled substances and their proceeds because of the sanctity and protection afforded the United States Mail by federal statute.

5. I am familiar with the ways in which drug traffickers conduct their business, including but not limited to, the methods used to package, wrap, seal and otherwise disguise or mask the odor of narcotics sent through the mail.

6. I am aware that drug traffickers commonly keep in their residences; records, whether written by hand, in printed hard-copy, or in digital format, of transactions relating to the ordering of, payment for, shipping of, importing, distribution, and secreting of contraband between them and their suppliers and customers.

7. It is common for drug traffickers to secrete contraband and proceeds of drug sales in secure locations within their residences for ready access and to conceal these items from law enforcement authorities.

8. Drug traffickers commonly maintain in their residences contact information for their drug trafficking associates, customers, and suppliers (i.e., names, email addresses, website addresses, physical addresses, and/or telephone numbers), to include written records in notebooks, or on miscellaneous papers, and/or in digital format, to include cellular telephones, tablets, and computers.

9. Drug traffickers usually keep at their residences; paraphernalia for packing, cutting, weighing and distributing drugs.

10. Drug traffickers typically keep at their residences; records of financial accounts, to include financial accounts storing crypto-currencies (such as Bitcoin), as well as traditional U.S. currency-based accounts, in order to maintain and finance their ongoing illegal drug business and to be able to utilize the proceeds of their drug sales; further, it is common for such drug traffickers

to secrete storage unit keys, access codes, and records, as well as safe deposit box keys and records, relating to the storage and safe-keeping of drugs, cash, and other valuables acquired from drug trafficking.

11. It is common for drug traffickers to put assets in the names of other people even though the drug traffickers continue to use these assets and exercise dominion and control over the assets.

12. This affidavit is made in support of an application for a search warrant of 2005 N 6th Avenue Knoxville, Tennessee 37917 (hereinafter referred to as the "delivery address"). Information obtained by law enforcement reveals that Caleb Roberts resides at this location.

13. Driving directions to 2005 N 6th Avenue from the Post Office located at 2600 North Broadway Street Knoxville, TN travel approximately .39 miles to Cecil Avenue. Turn left onto Cecil Avenue and travel approximately .19 miles to N 6th Avenue. Turn left onto N 6th Avenue and travel approximately .01 miles and the residence in question is on the left side of the roadway. Officers who will be participating in the search warrant execution have obtained and/or reviewed surveillance photographs of this location and are familiar with the location of the delivery address. (See Attachment A hereto).

## DETAILS OF THE INVESTIGATION

14. In September 2022, your Affiant received information from a supporting federal agency of a seizure of a substance that tested positive for the presence of Fentanyl, a Sch II narcotic. That substance was intended for an address located at 2005 N 6th Avenue, Knoxville, Tennessee, 37917.

15. Your Affiant utilized public service databases and found that the address at 2005 N 6th Avenue shows to be occupied by a Caleb Roberts. Your Affiant then utilized postal services

3

databases and discovered several parcels in the recent past being delivered to 2005 N 6th Avenue in the name of Alex Myers, several of which were from known source states, Florida and California. The public service databases do not identify Alex Myers as being a resident at 2005 N 6th Avenue.

16. I know based on my training and experience, narcotics shipped through the United States Postal Service frequently use fictitious names listed as the sender and recipients of packages to avoid criminal culpability for the actual sender and intended recipient if the package is intercepted.

17. Your Affiant utilized parcel service databases and confirmed that the TARGET PARCELS were accepted for mailing by the USPS on October 3, 2022, from source states Florida and California destined for 2005 N 6th Avenue Knoxville, Tennessee 37917.

18. On October 6 and 7, 2022, Inspectors took possession of two TARGET PARCELS. The TARGET PARCELS were addressed to Alex Myers at 2005 N 6th Avenue, Knoxville, Tennessee, 37917 from source state California with the return address being Holistic Healing Wellness Center at 819 Hibiscus Way, Placentia, California 92870 and also source state Florida with return address Escapades 2542 Taylor Street # 2 Hollywood, Florida, 33020. Public service databases show those return address's as being private residences.

19. On October 7, 2022, Your Affiant requested assistance from Officer Wallace, a trained narcotics detection dog handler from the Knoxville Police Department. Officer conducted an exterior examination of the TARGET PARCELS using a trained narcotics detection dog (K-9). The TARGET PARCELS were placed among three other similarly sized and shaped parcels, independently and at a secured office located at the USPIS Knoxville Domicile, 8880 Cedar Springs Lane, Suite 102, Knoxville, Tennessee. I was present when the TARGET

PARCELS were presented to K-9 "Max" by his handler, Officer Wallace. Officer Wallace informed me that K-9 "Max" demonstrated a positive alert and indication on both TARGET PARCELS, independent from one another.

20. Based on the positive reaction from the narcotics detection dog, I sought a search warrant for the TARGET PARCELS. On October 11, 2022, United States Magistrate Judge Debra C. Poplin, Eastern District of Tennessee, issued a search warrant for the TARGET PARCELS (Case Number 3:22-MJ-1201 and Case Number 3:22-MJ-1202).

21. Pursuant to the search warrants, your Affiant along with USPIS Inspector Wendy Boles opened the TARGET PARCELS. The TARGET in Case Number 3:22-MJ-1201 contained approximately 100 orange pressed pills, which TruNarc tested positive as methamphetamine. The TARGET PARCEL in Case Number 3:22-MJ-1202 contained approximately 100 pressed green rectangular shaped pills. Based on my training and experience, your affiant believes these are pressed pills of controlled substances and the packages indicate narcotics trafficking. Pictures from both packages:



22. Neither the USPIS nor any other investigating agents have conducted a presumptive field test of the substance contained in the package from 3:22-MJ-1202 encountered on October 11, 2022. The decision to not conduct such a test was due to the significant threat to law enforcement personnel, first responders, and members of the public by fentanyl and its analogs. Only trained personnel, in a lab environment, with necessary personal protective equipment (PPE), should be conducting such tests and they should be conducted in a controlled, safe environment. Conducting a test in an uncontrolled environment, and without proper PPE, poses an undue risk and could result in serious bodily injury or death to those unknowingly exposed to Fentanyl and other dangerous substances.

23. I and other law enforcement agents plan to make a controlled delivery of the TARGET PARCELS, with the original contents, to the occupant(s) of the delivery address as soon as possible after the issuance of the requested warrant. A law enforcement agent posing as a U.S. Postal Service delivery person will take the TARGET PARCELS to delivery address, knock on the door, and deliver the package to whoever answers the door. Once I and/or other law enforcement agents have confirmed that the package is within the residence located at the delivery address, and only if the package is taken into the residence (i.e., the "triggering event"), agents will execute the requested search warrant. If such individual rejects the package, agents will retain the package and no search of the delivery address will be conducted pursuant to the requested warrant. If no one answers the door, the package will not be left at the delivery address, and officers will maintain possession of the TARGET PARCELS.

24. Given the aforesaid facts, your affiant submits there is probable cause to believe that there is and will be evidence of violations of Title 21, United States Code Sections 841(a)(1), 843(b), and 846 once the aforementioned parcel is received at the delivery address. Accordingly,

your Affiant respectfully requests that the Court issue an Anticipatory Search Warrant authorizing the search of the delivery address into which the TARGET PARCELS are taken, subject to the triggering event occurring.

25. This Application seeks authority to search and seize fruits, evidence, and/or instrumentalities of the specified federal offenses. More particularly, there is probable cause to believe that, at the time of the execution of the Search Warrant and the delivery address, as further described in Attachment A, officers will recover fruits, evidence, and instrumentalities of violations of federal offenses, as further described in Attachment B.

April Farmer
USPIS TFO

Subscribed and sworn to before me this 11 day of October, 2022, at Knoxville, Tennessee.

Debra C. Poplin
United States Magistrate Judge

7

Case 3:22-mj-01203-DCP   Document 2   Filed 10/11/22   Page 7 of 9   PageID #: 8

## ATTACHMENT A

### Property to be searched

This warrant applies to the residence located at 2005 N 6th Avenue, Knoxville, Tennessee 37917. The property is described as follows:

2005 N 6th Avenue Knoxville, Tennessee is in a duplex structure containing two separate residences. The residence in question is located on the left side of the structure and the front door is marked with numeric 2005 located to the left side of the front door. The front door is off white in color with a glass screen door trimmed in brown. A photograph of the residence is shown below with the front door marked:



8

## ATTACHMENT B

### Search Warrant (Items to be Seized)

- Printed property that includes records, receipts, notes, ledgers, and other papers and packages relating to drug trafficking to, from, and within the Eastern District of Tennessee, including but not limited to receipts, papers, tickets, notes, schedules, and other items relating to transactions, address books, telephone books, and papers reflecting names, addresses, and telephone numbers of associates including drug associates, customers, and/or suppliers;
- Bank statements and records, wire transfer documents including wire transfer receipts, receipts of money orders and cashier's checks, deposit bank records, keys to safe deposit boxes, and keys, access codes, and records relating to storage facilities, all of which evidence the obtaining, transferring and concealment of assets associated with or obtained through drug trafficking;
- United States currency and financial instruments, including but not limited to stocks, and bonds, and vehicle title documents, all of which constitute the proceeds of drug trafficking and which constitute the operating capital for continued drug trafficking;
- Photographs of drug customers and suppliers and other coconspirators in the drug trafficking trade and photographs of assets or of controlled substances;
- Controlled substances and paraphernalia for packaging, cutting, weighing, and distributing controlled substances, including, but not limited to, scales and baggies, tourniquets, and syringes;
- Firearms, ammunition, and firearm accessories possessed with controlled substances; and
- Electronic devices, including, without limitation, cellular telephones, tablets, laptop

All of which constitute evidence of the commission of a criminal offense, contraband, the fruits of a crime, and property designed or intended for use or which is or has been used as the means of committing the above-described criminal offenses.